ACCEPTED
05-17-00648-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/8/2018 11:49 AM
LISA MATZ
CLERK

**NO. 05-17-00648-CV**

**In the**
**Fifth Court of Appeals**
**Dallas, Texas**

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
06/08/2018 11:49:00 AM
LISA MATZ
Clerk

_____

**LINDA HOUSTON, APPELLANT**

**VS.**

**EILEEN HOUSTON, APPELLEE**

_____

**APPELLANTS' REPONSE IN OPPOSITION TO APPELLEE'S MOTION FOR LEAVE TO FILE SURREPLY OR ALTERNATIVELY MOTION FOR LEAVE TO FILE SUR SURREPLY**

_____

**On Appeal from**
**Probate Court No. 1**
**Collin County, Texas**
**Cause No. PB 001-56605**

**TO THE HONORABLE JUDGE OF THIS COURT**:

NOW COME, Linda Houston ("Appellant") to submit this Response in Opposition to Eileen Houston ("Appellee") Motion for Leave to file a Surreply. In support of this Response, Appellant respectfully shows the Court as follows:

I.  **LEGAL AND FACTUAL REASONS FOR OPPOSING MOTION FOR LEAVE**

1.   Appellee's Motion for Leave to File a Surreply Brief (the "Motion for Leave") fails to present this Court with good cause necessitating the submission of a surreply. Appellee merely directs the Court to the

Surreply Brief itself attached to the Motion for Leave to support their argument. Reliance on the Surreply in support of a Motion for Leave is not the proper procedure for granting leave. Appellee's Motion states "in order to respond to new arguments asserted by Appellant" but does not provide or identify any new arguements to be addressed. Appellee should have provided some modicum of legal or factual reasoning with the Motion for Leave which they have failed to do here. Appellee further claims "to respond to new documents submitted by Appellant in the Supplemental Clerk's Record"; however, only one reference to the Supplemental Clerk's Record is made stating "Appellant is simply wrong". This is hardly a factual response to any Record reference, or necessitates a surreply.

2. Texas Rules of Appellate Procedure do not expressly permit the filing of a surreply brief by an Appellee; such filings are only permitted at the court's discretion. (See In re Estate of Washington, 289 S.W. 3d 362, 370 (Tex. App. – Texarkana, 2009)(citing Tex. R. App. P. 38.1, 38.2, 38.3 and 38.7).

3. Under the STANDARDS FOR APPELLATE CONDUCT - LAWYERS' DUTIES TO THE COURT
   Item 6. - "Counsel will not submit reply briefs on issues previously briefed in order to obtain the last word."
   The Surreply Brief contains over 1065 words (out of certified 1635) specifically repeating the Appellee's Response Brief. Statements not duplicated have simply been re-worded repeating the previous views. (not included in this word count)

4. The Motion for Leave is completely devoid of any reasoning necessitating the submission of a surreply. Appellee provides no legal or factual analysis indicating that the Appellants added new argument in its Reply Brief necessitating a surreply. Nor does the Motion for Leave provide a summary of Appellee's argument to qualify the need for a surreply. Instead, Appellee surreptitiously states the Court is required to read the Surreply itself in order to glean the good cause for its submission. From there, the Appellant is required to at least review and analyze Appellee's briefing which the Court has yet permitted to be filed. Unfortunately, this has resulted in spending additional resources, additional delay and incurring additional costs. Without question, the Motion for Leave should be denied for failure to provide any legal or factual reasoning for filing a surreply. However, to the extent Appellant has been forced to review an unfiled surreply and file this Response to the Motion for Leave, Appellee's maneuvering borders on sanctionable conduct.

5. Finally, the denial of the Motion for Leave would not prejudice the Appellee because the Appellee has already had the opportunity to present this same information, without overwhelming the process with a surreply.

Furthermore, this matter constitutes an Estate Accounting and Trust Accounting; issues which were briefed through Appellant's Brief and Appellants' Reply Brief. The Appellee fails to address these issues in their Response Brief and again fails to address the issues in the attempt to surreply. Appellee also repeats a reference to

Court Records previouly briefed; however, fails to request *any* records for a second time, with a surreply. (Per TRAP 34.5( c)(1))

Because no other briefing is warranted at this juncture, and because the Motion for Leave fails to provide good cause for submission of a surreply, the Motion for Leave should be denied.

## II. ALTERNATIVE MOTION FOR LEAVE TO FILE SUR SURREPLY

6. Again, Appellee's Motion for Leave is absent with any legal or factual reasoning to support a basis of good cause for submission of a surreply and Appellee continues to deny the necessity for same. However, if the Court grants the Motion for Leave, and to the extent Appellee has raised new contentions in their Surreply, Appellants alternatively request the Court leave to file their own sur surreply to answer these contentions. Appellants further request an extension of time up and through June 30, 2018 to file their sur surreply.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellants, Linda Houston pray that the Court deny Appellee's Motion for Leave to File a Surreply, or alternatively, grant Appellants' Motion for Leave to File a Sur Surreply on or by June 30, 2018 should the Court grant Appellee's Motion for Leave. Appellants further request all such and other relief to which they may be entitled.

Respectfully submitted,

_[signature]_

Linda Houston

Pro Se

9804 Sota Grande

Plano, Texas. 75025

972-955-0370


## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 8th day June, 2018, a true and correct copy of the foregoing instrument is being served upon the parties listed below via the Court's electronic notification system and mail:


David B. Koch COATS|ROSE, P.C
14755 Preston Road, Suite 600
Dallas, Texas 75254
(972) 788-1600 Telephone
dkoch@coatsrose.com
Attorneys for Appellee, Eileen Houston