ACCEPTED
15-25-00013-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/14/2025 3:06 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00013-CV

## In the Fifteenth Court of Appeals
## Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/14/2025 3:06:52 PM
CHRISTOPHER A. PRINE
Clerk

State of Texas; the Texas Facilities Commission; the Texas Health and Human Services Commission; Mike Novak, in his Official Capacity as Executive Director of Texas Facilities Commission; and Rolland Niles, in his Official Capacity as Deputy Executive Commissioner for the System Support Services Division of the Texas Health and Human Services Commission,

*Appellants,*

v.

Broadmoor Austin Associates, a Texas Joint Venture,
*Appellee.*

On Appeal from Cause No. D-1-GN-23-007899
In the 455th Judicial District of Travis County, Texas

## MOTION TO STRIKE APPELLEE'S SUR-REPLY

| | |
|---|---|
| Ken Paxton<br>Attorney General of Texas | Kimberly Gdula<br>Division Chief<br>General Litigation Division |
| Brent Webster<br>First Assistant Attorney General | Jennifer Cook<br>Assistant Attorney General |
| Ralph Molina<br>Deputy First Assistant Attorney General | Texas Bar No. 00789233<br>P.O. Box 12548/Mail Stop 019-1<br>Austin, Texas 78711-2548<br>Tel: (737) 230-4700 |
| Austin Kinghorn<br>Deputy Attorney General for Civil Litigation | Fax: (512) 302-0667<br>jennifer.cook@oag.texas.gov<br><br>**Counsel for Appellants** |

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **1** of **12**

## Table of Contents

INTRODUCTION ...........................................................................................3

ARGUMENT & AUTHORITIES ....................................................................4

I.      Appellee's letter is a sur-reply that is procedurally impermissible.................5

II.      Appellee's letter fails to identify exceptional circumstances necessitating a sur-reply. ...................................................................................................... 6

CONCLUSION............................................................................................11

CERTIFICATE OF CONFERENCE................................................................12

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **2** of **12**

TO THE HONORABLE JUSTICES OF THE FIFTEENTH DISTRICT COURT OF APPEALS:

The State of Texas; the Texas Facilities Commission ("TFC"); the Texas Health and Human Services Commission ("HHSC"); Mike Novak, in his official capacity as Executive Commissioner of the TFC; and Rolland Niles, in his official capacity as Deputy Executive Commissioner for the System Support Services Division of HHSC (hereinafter "Appellants"), file this motion asking the Court to strike Appellee Broadmoor Austin Associates, a Texas Joint Venture's ("Appellee's") impermissible sur-reply.

## INTRODUCTION

"The rules of appellate procedure do not permit a sur-reply." *In re Jordan Foster Constr., LLC*, No. 08-22-00201-CV, 2023 WL 2366610, at *7 (Tex. App.—El Paso, 2023) (quoting *In re KFC USA, Inc.*, No. 05-98-01116-CV, 1998 WL 427284, at *1 (Tex. App.—Dallas, 1998, orig. proceeding) (internal quotations omitted). "Surreplies, and any other filing that serves purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Larcher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).

On February 5, 2025, Appellants filed their notice of interlocutory appeal following the partial denial of Appellants' plea to the jurisdiction. Appellants'

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **3** of **12**

opening brief was filed on March 17, 2025, to which Appellee filed a response brief on May 7, 2025. The Appellants then filed their reply on July 10, 2025, responding to the arguments made by Appellees. In an attempt to get a second bite at the apple and the last word, on July 28, 2025, without leave of Court, Appellee submitted a letter ("Sur-Reply") to this Court's Clerk and requested that the Sur-Reply be submitted to the Court. In the Sur-Reply, Appellee rehashes arguments previously briefed by the Parties and seeks to provide additional argument after the filing of Appellants' reply brief that was principally already included in Appellee's Response. The Texas Rules of Appellate Procedure do not contemplate giving a party the opportunity to burden the court with unnecessary, duplicative briefing, even in exceptional circumstances. Appellee's letter to the Court is nothing more than an impermissible sur-reply and Appellants respectfully ask the Court to strike the Sur-Reply.

## ARGUMENT & AUTHORITIES

As Appellee is likely aware, the Texas Rules of Appellate Procedure allow the Appellant to have the first and last argument. *See* Tex. R. App. P. §§ 38.1-38.3. The process and purpose are similar to that of a motion filed in district court—the "purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard, and to *rebut* the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Info-*

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **4** of **12**

*Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07CV0937-P, 2008 WL 5552245, at \*8 (N.D. Tex., Dec. 31, 2008) (internal quotation marks omitted) (emphasis in original). A sur-reply is only appropriate *if* the movant raises new legal theories or introduces new evidence at the reply stage. *Id*. When a party does not raise "wholly new issues in its reply brief" but "instead replies to arguments made by the [nonmovant] in their response[,]" the court need not grant a motion for leave to file a sur-reply. *Mission Toxicology, LLC v. UnitedHealthcare Ins. Co.*, 499 F. Supp. 3d 350, 360 (W.D. Tex., Nov. 4, 2020).

### I. Appellee's letter is a sur-reply that is procedurally impermissible.

The Texas Rules of Appellate Procedure do not permit a sur-reply brief or a filing that acts as a sur-reply. *See In re Est. of Washington*, 289 S.W.3d 362, 370 (Tex. App.—Texarkana, 2009) ("Our Rules of Appellate Procedure do not expressly permit the filing of a surreply brief by an appellee; such filings are permitted at this Court's discretion."); *see also In re Jordan Foster Constr., LLC*, 2023 WL 2366610, at \*7; Tex.R.App.P. §§ 38.1-38.3. Even when a sur-reply *might* be allowed, leave of court for such additional briefing is required. *In re Est. of Washington*, 289 S.W.3d at 370. Without leave of court and a showing of exceptional circumstances, striking the filing is the appropriate remedy. *In re Jordan Foster Constr., LLC*, 2023 WL 2366610, at \*7; *In re Reiss*, No. 05-21-00600-CV, 2022 WL 500023, at \*1 (Tex. App.—Dallas, 2022, orig. proceeding) (mem. op.); *In re KFC USA, Inc.*, 1998 WL

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **5** of **12**

427284, at \*1 (Tex. App.—Dallas, 1998, orig. proceeding). Without leave of Court, Appellee filed its letter brief with this Court with the specific intent of responding to Appellants' reply brief. Because Appellee did not seek leave of this Court to file its Sur-Reply and instead chose to unilaterally circumvent these rules, striking Appellee's Sur-Reply is appropriate in this case.

**II. Appellee's letter fails to identify exceptional circumstances necessitating a sur-reply.**

Even if Appellee had sought leave of Court to file its Sur-Reply, the Sur-Reply failed to demonstrate that good cause and extraordinary circumstances compelled the filing of a sur-reply. Because sur-replies are "heavily disfavored" and "arguments raised for the first time in a reply brief are generally waived, which reduces the need for a sur-reply[,]" courts will generally grant leave to file a sur-reply only in "extraordinary circumstances and upon a showing of good cause."[1] *Mohlenhoff v. Hobby Lobby Stores, Inc.*, No. SA-21-CV-01298-OLG, 2024 WL 4956636, at \*4 (W.D. Tex., Sept. 26, 2024) (citing *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 Fed. App'x 749, 751 n.2 (5th Cir. 2014) and *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010)).

---

[1] Appellants are not suggesting that any of its arguments in their reply brief are new, nor should they be deemed waived or improper, as discussed below.

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **6** of **12**

The thrust of Appellee's Sur-Reply is simply its frustration with the Appellants' rebuttal to Appellee's Response. The Appellee's Sur-Reply contains three arguments: one allegedly seeks "to correct an inaccuracy in Appellants' reply brief" and the other two allegedly address "arguments from Appellants' reply brief that didn't appear in Appellants' opening brief." *Appellee's Sur-Reply* at ¶ 1.

*First*, Appellee seeks to "correct an inaccuracy" and re-urges its argument that Appellants HHSC, Niles and Novak could not have concluded there was insufficient funding to fund Appellee's lease ("Lease"). *Appellee's Sur-Reply* at ¶¶ 2-6. This is insufficient to show good cause and extraordinary circumstances that warrant a sur-reply. Appellee does not claim that Appellant raised a "wholly new legal theory" or new evidence. Sur-replies are not necessary even when a party believes it must "correct factual misstatements . . . made for the first time in [a] Reply, which are material to the issues before [the] Court." *Sidbury v. Dun & Bradstreet Emerging Businesses Corp.*, No. 1:19-cv-865-RP, 2020 WL 10758104, at *1 (W.D. Tex., May 27, 2020). *See also Mohlenhoff*, 2024 WL 4956636, at *4 ("The various legal issues and positions of the parties have been adequately briefed (and communicated at the Court's hearing), and the Court is capable of independently determining whether the parties' have accurately represented the import of the cases cited in their filings.").

Conversely, Appellants' reply merely responded to the arguments articulated in Appellee's response brief pointing to evidence included in Appellee's own brief

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **7** of **12**

but ignored by Appellee that further demonstrates funding decisions necessarily involve discretion. *See Appellants' Reply* at p. 6-15, 23-31. Moreover, Appellee notes in its Sur-Reply that the "CPI had fallen precipitously" in a short matter of time, confirming that future uncertainties can be volatile and showing that agency discretion is necessary. For these reasons, Appellee's first argument does not demonstrate good cause or exceptional circumstances required for a sur-reply.

*Second*, Appellee argues (again) that the waiver of sovereign immunity in chapter 114 of the Texas Civil Practices & Remedies Code ("Chapter 114") applies to Appellee's breach of Lease claim. *Appellee's Sur-Reply* at ¶¶ 7-9. Despite Appellee's thorough, albeit misguided, efforts in its response brief to force the waiver in Chapter 114 to apply, it continues those same arguments in its Sur-Reply. Additionally, Appellee's legal theory regarding the applicability of Chapter 114 is squarely one of the main claims in this lawsuit and Appellee could and should have anticipated a reply to its specific arguments; Appellee's complaint that the Appellants' Reply presented new arguments is meritless.

In fact, Appellee has not identified a "wholly new legal theory" or new evidence that would warrant a sur-reply. Instead, Appellee seeks to get the last word as to the applicability of Chapter 114. But Appellants' Reply merely responded to Appellee's arguments concerning the applicability of Chapter 114, explaining that Chapter 114 is a contract *with* a state agency, not *involving* a state agency and

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **8** of **12**

comparing that with the multiple entity arrangement of state leases entered pursuant to Texas Government Code Chapter 2167. That the Code Construction Act states that the singular includes the plural changes nothing. *See* Tex. Gov't Code § 311.012(b).

In Chapter 114, the "[c]ontract subject to this chapter" means a written contract "for providing goods or services to the state agency that is properly executed on behalf of the state agency." Tex. Civ. Prac. & Rem. Code § 114.001(2). Whether singular or plural, the contract is required to provide goods and services to the state agency(ies) executing the contract. In this case, there is no state agency executing the contract and there are no goods and services provided, much less to a state agency or to state agencies that executed the contract. This is the same position that Appellants took in the district court and the same position that Appellants conveyed in its opening brief. *See Appellants' Initial Brief*. Since the initiation of this lawsuit, the parties have disagreed as to the applicability of Chapter 114—that they would continue to do so here should be of no surprise to Appellee and the continued articulation of the dispute does not create a wholly new legal theory that would justify a sur-reply.

*Third*, Appellee claims the TFC regulations applied to this Lease and thus support its claim that Novak acted *ultra vires*. *Appellee's Sur-Reply* at ¶¶ 10-13. Appellee previously made this argument in its response brief. *Appellee Response* at

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **9** of **12**

p. 56-58. Appellee identifies no new legal theory it is purportedly responding to but rather seeks to clarify its argument in response to Appellants' Reply. In the exceptional circumstances where a sur-reply is allowed, the purpose is not to "rehash arguments already presented" or give the non-moving party another bite at the apple, as Appellee seeks here. *Mission Toxicology*, 499 F. Supp. 3d at 360.

Appellee tries to clarify its prior argument, claiming its argument regarding the TFC regulations is not about performance under the Lease but is instead a separate inquiry under its *ultra vires* claim. The attempt to spin its previous argument does not demonstrate extraordinary circumstances or good cause to allow Appellee a sur-reply. Additionally, Appellee's clarification is nonsensical—Appellee argues that Appellants acted *ultra vires* in relation to their performance under the Lease because Appellants violated the TFC regulations. *Compare Appellee Response* at p. 56-58 *with Appellee's Sur-Reply* at ¶¶ 10-13. As Appellants appropriately argued in response in their reply brief, all parties to contracts are only bound by the law in effect at the time the contract was executed. *Progressive Cnty. Mut. Ins. Co. v. Caltzonsing*, 658 S.W.3d 384, 393 (Tex. App.—Corpus Christi-Edinburg 2022, no pet.). Thus, none of Appellants were bound, in performing under the Lease, by regulations adopted after the Lease was executed. Because Appellants complied with applicable law and regulations in performance of their duties as dictated by the Lease, they did not act *ultra vires*. Appellants made this argument directly in

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **10** of **12**

response to Appellee's Response brief, no new legal theory or new evidence was introduced and, therefore, no sur-reply is necessitated.

**CONCLUSION**

For these foregoing reasons, Appellants respectfully request that this Court strike Appellee's Sur-Reply from the record. Appellants further ask this Court to grant them such other and further relief to which they are entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ Jennifer Cook*

JENNIFER COOK
Texas Bar No. 00789233
Assistant Attorney General
P.O. Box 12548/Mail Stop 019-1
Austin, Texas 78711-2548
Tel: (737) 230-4700
Fax: (512) 302-0667

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **11** of **12**

jennifer.cook@oag.texas.gov

**Counsel for Appellants**

**CERTIFICATE OF CONFERENCE**

I certify that on August 14, 2025, I conferred with counsel for Appellee and the parties were unable to come to agreement on this motion.

/s/*Jennifer Cook*
JENNIFER COOK
Assistant Attorney General

15-25-0013-CV; State of Texas, et al. v. Broadmoor Austin Associates, a Texas joint venture
**Motion to Strike Appellee's Sur-Reply**

Page **12** of **12**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 104392182
Filing Code Description: Motion
Filing Description: 20250814_Motion to Strike
Status as of 8/14/2025 3:29 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michaelle Peters | | mpeters@scottdoug.com | 8/14/2025 3:06:52 PM | SENT |
| Angela Goldberg | | agoldberg@scottdoug.com | 8/14/2025 3:06:52 PM | SENT |
| Susie Smith | | ssmith@scottdoug.com | 8/14/2025 3:06:52 PM | SENT |
| Jason R.LaFond | | jlafond@scottdoug.com | 8/14/2025 3:06:52 PM | SENT |
| Kemp Kasling | | kkasling@kaslinglaw.com | 8/14/2025 3:06:52 PM | SENT |
| Angie Espinoza | | aespinoza@scottdoug.com | 8/14/2025 3:06:52 PM | SENT |
| Carla Matheson | | cmatheson@scottdoug.com | 8/14/2025 3:06:52 PM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 8/14/2025 3:06:52 PM | SENT |
| Jennifer Cook | | Jennifer.Cook@oag.texas.gov | 8/14/2025 3:06:52 PM | SENT |

Associated Case Party: Broadmoor Austin Associates, a Texas Joint Venture

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sara W.Clark | | sclark@scottdoug.com | 8/14/2025 3:06:52 PM | SENT |
| Casey Dobson | | cdobson@scottdoug.com | 8/14/2025 3:06:52 PM | SENT |