

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00121-CV

_____

IN RE:  ESTATE OF LONIE WASHINGTON, DECEASED

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 91-12,236 CCL

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

The probate court denied the request of Bobbie Washington (hereafter referred to as Bobbie) to be reimbursed by the estate of Lonie Washington (hereafter referred to as Lonie) for attorney's fees expended by her in two different kinds of actions connected to the underlying probate proceedings. Bobbie now appeals the trial court's denial of those requests, contending that the trial court abused its discretion. We disagree, find no abuse of discretion, and affirm the trial court's judgment.

*Factual and Procedural Background*

Lonie died in 1991, and his estate, even after having been involved in litigation for nearly two decades, still remains to be fully resolved and closed.[1] Lonie's will named an attorney as independent executor; after the independent executor's resignation, Lonie's widow, Bobbie, was appointed administratrix, a capacity in which she served for a number of years. In 2007, the trial court declared her to be serving in the capacity as the dependent (as opposed to independent)

---

[1]This appeal is following a well-worn path. Several appeals involving Lonie's estate have been previously presented to this Court. *In re Estate of Washington*, 262 S.W.3d 903, 904 (Tex. App.—Texarkana 2008, no pet.); *In re Estate of Washington*, No. 06-96-00010-CV, 1996 Tex. App. LEXIS 4414 (Tex. App.—Texarkana Oct. 7, 1996) (not designated for publication), *op. on reh'g*, 1996 Tex. App. LEXIS 5333 (Tex. App.—Texarkana Dec. 3, 1996, writ denied) (not designated for publication); *In re Estate of Washington*, No. 06-08-00016-CV, 2008 Tex. App. LEXIS 2917 (Tex. App.—Texarkana Apr. 23, 2008, no pet.) (mem. op.); *see also In re Washington*, No. 06-98-00001-CV (Tex. App.—Texarkana Jan. 7, 1998, no pet.) (not designated for publication).

2

administratrix for the estate.[2]   Thereafter, the trial court ordered her removal as the dependent administratrix, an order that we affirmed in 2008. *Washington*, 262 S.W.3d at 905–07.

Subsequent to Bobbie's removal and the trial court's appointment of Kenneth O. Goolsby (a certified public accountant) as the estate's successor administrator, Bobbie asked the trial court to order the estate to reimburse her for attorney's fees that she had expended in connection with her contest of her removal as the estate's administratrix.  She also requested reimbursement of attorney's fees expended by her in her post-removal actions in defending an action in declaratory judgment which sought to amend or construe a provision of Lonie's will.  The trial court denied both of these requests.

Bobbie now appeals, claiming that the trial court abused its discretion by failing to order the estate to reimburse her for both of these claims for attorney's fees.

---

[2]The Texas Supreme Court recently noted that "as early as 1848, a Texas testator has been able to opt for the independent administration of his estate, including the right to pick his own independent executor." *Kappus v. Kappus*, No. 08-0136, 2009 Tex. LEXIS  296, at *4 (Tex. May 15, 2009) (footnote omitted).  The *Kappus* court further noted that an independent administrator may be removed by the county court when any of six statutory grounds for removal have been met. *Id.* (citing TEX. PROB. CODE ANN. § 149C(a)(1)–(6) (Vernon Supp. 2008).  The difference between *Kappus* and the case now before us is that Bobbie is a *dependent*, rather than an *independent*, administratrix, as a matter of law. *Washington*, 262 S.W.3d 903.  An administratrix in a dependent administration "can perform only a limited number of transactions without seeking a court's permission, such as paying taxes, voting stocks, insuring property, and releasing liens upon full payment." *Eastland v. Eastland*, 273 S.W.3d 815, 821 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing TEX. PROB. CODE ANN. § 234(b) (Vernon 2003)).

3

*Jurisdiction*

Generally, an appeal will only arise from a final judgment. *Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Except in cases "specially provided by law," there can only be "one final judgment" in a case. However, by their very nature, actions in probate may involve multiple judgments on "certain discrete issues," each of which might be a final judgment for the purpose of appeal. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Although the Texas Probate Code states that all "final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals," TEX. PROB. CODE ANN. § 5(g) (Vernon Supp. 2008), and the Probate Code specifically identifies some actions taken under it as being final for the purpose of appeal (e.g., a judgment determining heirship, TEX. PROB. CODE ANN. § 55(a) (Vernon 2003), it does not otherwise clarify what constitutes a "final" and, therefore, "appealable" judgment or order for purposes of Section 5(g).

To make certain that we have jurisdiction to entertain this appeal, we examine the nature of the orders granted in this probate action from which this appeal is taken to determine if it is a final and appealable judgment.

A request for attorney's fees expended in connection with defending an estate is a claim against the estate. *Dumitrov v. Hitt*, 601 S.W.2d 472, 473 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). When the probate court has acted upon a claim against the estate, the court shall enter an order that summarizes the court's ruling of approval or disapproval, "or approved in

4

part or rejected in part[.]" TEX. PROB. CODE ANN. § 312(d) (Vernon 2003). "Such orders shall have the force and effect of final judgments." *Id.* We conclude that the order denying Bobbie's requests for reimbursement of attorney's fees constitutes a final and appealable order. We, therefore, conclude that we have jurisdiction over the issues raised. *Cf. Eastland*, 273 S.W.3d at 819 (appellate courts have jurisdiction over probate court order that finally adjudicates a substantial right).

### Attorney's Fees in Connection with Allegedly Defending the Estate

In her first point of error, Bobbie raises the following issue:

When an administrator fails and/or refuses to defend the estate against interlopers who filed a petition for a declaratory judgment and the heir has to step into the shoes of the administrator and defend the estate, then isn't the heir allowed to make a claim for attorney fees from the estate under any applicable statute, but particularly §242 of the Texas Probate Code and/or Tex. Civ. Prac. & Rem. Code Ann. §37.004?[3]

Bobbie was a named beneficiary in Lonie's will, being devised both a specific percentage of the estate and as the residuary beneficiary. We review a trial court's decision to award attorney's fees from an estate under an abuse of discretion standard. *In re Roy*, 249 S.W.3d 592, 598 (Tex. App.—Waco 2008, pet. denied) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)).

The appellate record shows that Lonie's will was admitted to probate in 1991. In 2007, a declaratory judgment action was instituted against the estate and Bobbie, alleging that a scrivener's

---

[3]Although Section 37.004 of the Texas Civil Practice and Remedies Code is not mentioned further in her brief, we assume Bobbie is making reference to Section 37.009, which is the attorney's fees section of Chapter 37 of the Texas Civil Practice and Remedies Code. Even so, since there is no argument or rationale presented that the Texas Civil Practice and Remedies Code is a basis for recovery of attorney's fees, we do not examine any claim of justification for the payment of attorney's fees under it. TEX. R. APP. P. 38.1(h).

5

error existed. In that petition, the plaintiffs pointed out that Lonie's will purported to devise fifteen percent of the estate to all of the children of Tina Washington Garrett (identified as being a paternal relative of the decedent) except for King Solomon Washington. These plaintiffs claimed that the name of Tina Washington Garrett was inserted in the will through error because there was no paternal relative of the decedent who bore that name. Rather, there had been a paternal aunt of the decedent named Julie Simms Garrett, who was the mother of King Solomon Garrett. The plaintiffs in that action were persons who would claim under that devise if the intended name in the will had been identified as Julie Simms Garrett and not Tina Washington Garrett. If this claim were successful, the plaintiffs would be entitled to the fifteen percent of the estate devised above. If this claim were to be unsuccessful, then this devise of that fifteen percent of the estate would fail and would pass under the will, instead, to Bobbie as the residuary beneficiary. The plaintiffs' declaratory judgment action sought to have Lonie's will reformed to correct the alleged scrivener's error, thereby permitting the plaintiffs to inherit the otherwise-failed specific bequest. The plaintiffs suggested that the amount they would recover through correction of the scrivener's error was close to $2,000,000.00.

In her brief before this Court, Bobbie repeatedly characterizes the action in declaratory judgment to have been an attack by "interlopers" on the previously-entered 1991 order admitting the will to probate. She then maintains that Goolsby, as administrator, had the duty to defend against this effort and, in the absence of action by Goolsby to contest the claim, Bobbie was compelled to

6

hire an attorney to defend Lonie's will.  The costs of this legal defense, according to Bobbie's attorney (who also represents Bobbie before this Court) was $47,989.15.[4]  Apparently, Bobbie's efforts were at least temporarily successful because the plaintiffs nonsuited their claims in March 2008.  Bobbie thereafter sought an order from the probate court directing the estate to reimburse her for these expenses.  The trial court denied her request.

Section 243 of the Probate Code makes provision for the payment of expenses incurred in defense of a will, one provision being for those named as representatives in the will or as administrators under a will and another for those who might inherit under it.  The portion dealing with actual or potential representatives of the estate provides

> When any person designated as executor in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he *shall* be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

TEX. PROB. CODE ANN. § 243 (Vernon 2003) (emphasis added).  "Personal representatives of estates shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation, safekeeping, and management of the estate . . . and all reasonable attorney's fees, necessarily incurred

---

[4]We note that some of this amount also appears to relate to Bobbie's claim for attorney's fees in her second appellate issue.  Neither the trial record nor Bobbie's appellate brief attempts to offer a breakdown of this total as it might be allocated between the separate claims.  This failure, however, will not affect our resolution of the issues raised because the reasonableness of this undivided entirety has not been challenged by Goolsby.

in connection with the proceedings and management of such estate, on satisfactory proof to the court." TEX. PROB. CODE ANN. § 242 (Vernon 2003).

In *Drake v. Muse, Currie & Cohen*, the Fifth Court of Appeals reviewed the propriety of a trial court's order granting an administratrix's reasonable attorney's fees expended by the administratrix of an estate in connection with contesting an application to probate a foreign will. 532 S.W.2d 369, 371 (Tex. App.—Dallas 1975), *writ ref'd n.r.e.* (per curiam), 535 S.W.2d 343 (Tex. 1976). The executor of the Texas will asserted that her contest of the foreign will "was an activity undertaken in 'the preservation, safe-keeping, and management of the estate.'" *Id.* at 374. The appellate court disagreed. It wrote,

> While no one doubts the right of Mrs. Holt, as administratrix, to resist the application to probate the foreign will, we find no authority, either in the Probate Code or by decisions of courts of this state, which would impose upon her a legal duty to resist the application. It is entirely possible that the rights of the heirs of the estate may be altered if the foreign will is admitted to probate in Texas. *However, the mere fact that the share of an heir is altered or exhausted does not of itself create a legal duty on the part of the administratrix to take action pursuant to § 242 of the Probate Code and to allow the resulting attorney's fees to be charged to the estate.*

*Id.* (emphasis added). We find *Drake* to be both persuasive and dispositive in deciding Bobbie's first issue.

Bobbie contends Goolsby's failure to defend Lonie's will necessitated her coming to the estate's rescue. Bobbie's view, however, overlooks the fact that Goolsby had *no legal duty* as the estate's successor administrator to take action. This is because the claim of the plaintiffs who filed the action for a declaratory judgment did not constitute an attack on the validity of the entire will;

8

rather, it involved only the construction of a particular provision of the will itself. The entire will was never under attack. The plaintiffs' claims sought only to alter or construe a specific provision of the will to correct what they argued was a scrivener's error (an error which would result in the failure of a specific devise within the will). If the plaintiffs who brought the declaratory judgment action had successfully prosecuted their claim, it would not have disposed of Lonie's will; it would have simply altered the identity of some of the persons who took under a specific devise in that will. The fact that Bobbie, as residuary devisee, otherwise stood to inherit this failed specific bequest does not thereby convert the declaratory judgment plaintiffs' claims into an attempt to thwart the terms of the will.

It may develop in the future that Goolsby might opt to protect himself by bringing an action to construe the terms of the will, rather than making a unilateral determination of the particular devise in question. However, he does not have an absolute duty to do so. Unless Goolsby had a legally imposed duty to act, Bobbie (acting in her capacity as a devisee under the will) could not step into Goolsby's shoes, purport to defend the lawsuit on behalf of the estate, and claim an absolute right to be reimbursed by the estate any attorney's fees expended in that effort.

In contrast to the first portion of Section 243 (making provision for a potential or acting personal representative to defend a will), quoted above, at the time the declaratory judgment action was being prosecuted and defended, Bobbie—who was then no longer representative of the estate—could only fall within the second classification of persons who have the right to defend a

9

will: "a devisee, legatee, or beneficiary in a will" who is acting in "good faith, and with just cause." Section 243 provides that this kind of defender of a will "*may* be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings." TEX. PROB. CODE ANN. § 243 (emphasis added). "May" does not mean "shall" or "must be." The trial court had the discretion to either award attorney's fees or deny them under this section of the Probate Code. *Skinner v. Moore*, 940 S.W.2d 755, 758 (Tex. App.—Eastland 1997, no writ). Bobbie has done nothing to show that the trial court abused that discretion.

The trial court did not abuse its discretion by denying Bobbie's request. We overrule Bobbie's first point of error.

### *Attorney's Fees in Connection with Contesting Removal As Dependent Administratrix*

In her second point of error, Bobbie raises the following issue:

When an administrator makes a "good faith" challenge to her removal, isn't she allowed to collect her attorney fees which accumulates as a result of the challenge in accordance to any applicable statute, but particular §242 of the Texas Probate Code and/or Tex. Civ. Prac. & Rem. Code[?]

Bobbie asked the trial court to order the estate to reimburse her for $47,989.15[5] in attorney's fees in connection with her challenge to being removed as the dependent administratrix of Lonie's estate.

---

[5]Again, this likely includes amounts for attorney's fees and expenses incurred by Bobbie in connection with her first appellate issue (having to do with the declaratory judgment action). However, this failure to segregate the fees associated with these two distinct claims does not ultimately prevent us from disposing of the legal issues raised on appeal.

In ruling on Bobbie's request, the trial court stated in a letter to the parties:

> I have completed my review of all of your briefing and Mr. Belt's application for attorney's fees. At first reading, it would appear that Mr. Belt's request for attorney's fees should be granted only as to those efforts expended by him in defending "in good faith" any applications to remove Bobbie Washington. The only statutory authority of any import cited by Mr. Belt in support of his request for attorney's fees is Section 149c of the Texas Probate Code.
>
> However, it is clear that Section 149c of the Texas Probate Code applies only to independent administrations.[6] I ruled during the removal hearing that Bobbie Washington's administration was not an independent administration and that ruling remains the same today.
>
> Therefore, finding no statutory authority to allow me to grant Mr. Belt's application, it must be denied.

We note that Bobbie's written application (which was filed with the probate court) asking for $47,989.15 in attorney's fees fails to cite *any* statutory or caselaw authority to support her request.

Our review of the record does not show Bobbie preserved this claim for $47,989.15 in attorney's fees (for the removal contest) by specifically drawing the trial court's attention to a claim made (on appeal, but not before the trial court) pursuant to either Section 242 of the Probate Code or Section 37.004 (or Section 37.009) of the Texas Civil Practice and Remedies Code. Thus, this second issue was not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1).

---

[6]"An independent executor who defends an action for his removal in good faith, whether successful or not, shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in the removal proceedings." TEX. PROB. CODE ANN. § 149C(c) (Vernon Supp. 2008).

11

Moreover, even if Bobbie had preserved this issue for our review by first making a timely request at the trial court level for $47,989.15 in attorney's fees (expended in connection with contesting her removal) pursuant to either Section 242 of the Texas Probate Code or the Texas Civil Practice and Remedies Code, we would not be persuaded to rule in her favor. "Personal representatives" of an estate are "entitled to all necessary and reasonable expenses incurred by them in the preservation, safekeeping, and management of the estate . . . and all reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate, on satisfactory proof to the court." TEX. PROB. CODE ANN. § 242. However, Bobbie's claim for attorney's fees expended in connection with her contesting her removal as administratrix involved neither the preservation or safekeeping of the estate, nor the "management of the estate" as that phrase is used in Section 242.

The Fourth Court of Appeals has previously held that attorney's fees expended in connection by one who contests his own removal as administrator of the estate, especially where "[t]he evidence fails to show that the contest for the administratorship was in the interest of the estate, but indicates it was rather in the interest of [the removed administrator]" should not be permitted. *Dyess v. Rowe*, 177 S.W. 523, 523 (Tex. Civ. App.—San Antonio 1915), *aff'd in part & rev'd in part on other grounds*, 213 S.W. 234 (Tex. Comm'n App. 1919, judgm't adopted). We agree.

Here, the trial court had before it evidence that Bobbie had, while she was the dependent administratrix of this estate, been distributing money from the estate to herself without first obtaining

12

the trial court's approval to do so. Upon discovering this conduct, the trial court ordered Bobbie to repay money to the estate. In addition, Bobbie had failed to file several annual accountings during her administration of the estate, accountings which are required for all dependent administrations. These acts suggest malfeasance. *Cf. Tindall v. State*, 671 S.W.2d 691, 693 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.) ("It is thus apparent that when the fiduciary's omission or malfeasance is at the root of the litigation, the estate will not be required to reimburse the fiduciary for his or her attorneys' fees. Such fees are not necessarily incurred in connection with the management of the estate."); *In re Higganbotham's Estate*, 192 S.W.2d 285, 290 (Tex. Civ. App.—Beaumont 1946, no writ). As the *Dyess* court wrote, "[N]o estate should be made to pay for the luxury of a contest among heirs or legatees as to the administrator." 177 S.W. at 524.

The trial court properly held that Bobbie may not recover the attorney's fees incurred by her while contesting her removal as the administratrix. We overrule her second point of error.

### *Appellee's Request for Sanctions*

Finally, Goolsby has, by and through his attorneys, filed two requests asking this Court to levy sanctions against Bobbie for filing this appeal. Goolsby's first request was for $9,405.54, an amount that reflects what Goolsby's attorney charged to handle the appeal and to prepare the first motion for sanctions. Goolsby's second request was for attorney's fees charged in connection with the preparing and mailing of an "appellee's surreply brief" in this case; this second requested sanction

13

was for an additional $3,350.00. Goolsby's requests for sanctions seek to recover attorney's fees under our Rules of Appellate Procedure. *See* TEX. R. APP. P. 45.

In pursuit of such relief, it is Goolsby's burden to show that Bobbie "had no reasonable ground to believe that the judgment would be reversed." *In re Estate of Davis*, 216 S.W.3d 537, 548 (Tex. App.—Texarkana 2007, pet. denied); *St. Louis Sw. Ry. Co. v. Marks*, 749 S.W.2d 911, 915 (Tex. App.—Texarkana 1988, pet. denied). For this Court to award the requested amounts, we must first find that Bobbie's appeal was frivolous. TEX. R. APP. P. 45. We do not reach such a conclusion. With respect to the first amount requested of $9,405.54, even though Bobbie's argument failed to persuade us that the trial court erred and even though the grounds upon which the appeal was prosecuted were based on a paper-thin foundation, we do not believe the record before us conclusively demonstrates Bobbie patently lacked any reasonable belief based in law that her appeal did not constitute an informed, good-faith challenge to the trial court's judgment or did not otherwise constitute an effort to create new law in this area of probate law. *Cf. Davis*, 216 S.W.3d at 548; *Long Trusts v. Atl. Richfield Co.*, 893 S.W.2d 686, 689 (Tex. App.—Texarkana 1995, no writ). Therefore, the initial amount of $9,405.54 is inappropriate under Rule 45.

With respect to the second amount of $3,350.00 requested in connection with Goolsby's attorney's fees for preparing and mailing a surreply brief, we also find sanctions to be inappropriate. Our Rules of Appellate Procedure do not expressly permit the filing of a surreply brief by an appellee; such filings are permitted at this Court's discretion. *See generally* TEX. R. APP. P. 38.1,

38.2, 38.3, 38.7. In this case, we did not accept Goolsby's surreply brief for filing. We are not persuaded that Bobbie should be required to pay the costs of preparing a document for filing that was ultimately not accepted for filing with the appellate court.

*Conclusion*

The trial court did not abuse its discretion by denying both of Bobbie's requests for attorney's fees. At this time, we decline the opportunity to grant the estate's motion for appellate sanctions against Bobbie.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:     April 30, 2009
Date Decided:       June 30, 2009

15