ACCEPTED
15-25-00012-cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/26/2025 4:57 PM
CHRISTOPHER A. PRINE
CLERK

# NO. 15-25-00012-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/27/2025 4:06:23 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FIFHTEENTH DISTRICT OF TEXAS

**State of Texas, acting by and through the Texas Facilities Commission, for and on behalf of the Texas Health and Human Services Commission; The Texas Facilities Commission; Mike Novak, in his Official Capacity as Executive Director of the Texas Facilities Commission; The Texas Health and Human Services Commission; and Rolland Niles in his Official Capacity as Deputy Executive Commissioner for the System Support Services Division of the Texas Health and Human Services Commission,**

*Appellants,*

*v.*

*8317 Cross Park, LLC,*

*Appellee.*

## APPELLEE'S RESPONSE TO APPELLANTS' MOTION TO STRIKE, AND ALTERNATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

On Interlocutory Appeal from the 98 District Court
of Travis County, Texas

R. Kemp Kasling
State Bar No. 11104800
Law Offices of R. Kemp Kasling
5806 Mesa Drive, Suite 300
Austin, Texas 78731
Telephone: (512) 472-6800
Facsimile: (512) 472-6823
Email: kkasling@kaslinglaw.com

CARDWELL, HART & BENNETT, LLP
J. Bruce Bennett
State Bar No. 02145500
807 Brazos, Suite 1001
Austin, Texas 78701
Telephone: 512-322-0011
Facsimile: 512-322-0808
jbb.chblaw@me.com

ATTORNEYS FOR APPELLEE 8317 CROSS PARK, LLC

# TABLE OF CONTENTS

**Page**

Table of Contents ...........................................................................................................2

Table of Authorities........................................................................................................3

Response to Motion to Strike ..........................................................................................5

Alternative Motion for Leave to File Brief .....................................................................8

Conclusion and Prayer.....................................................................................................9

Certificate of Compliance................................................................................................9

Certificate of Conference.................................................................................................10

Certificate of Service .......................................................................................................10

## Appendix

**Tab**

**1**      Appellee's Proposed Supplemental Brief

**2**      8317 Cross Park Letter to Christopher A. Prine, Clerk

**Table of Authorities**

**Page(s)**

**Cases**

*Cinco W. Dev., LLC v. Highland Homes-Dall., Inc.*,
    2024 WL 5001840 (Tex. App.—Dallas 2024, pet. denied) ................................5

*Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*,
    99 F.4th 770 (5th Cir. 2024)................................................................................7

*In re Commitment of Gipson*,
    580 S.W.3d 476 (Tex. App.—Austin 2019, no pet.)............................................6

*In re Est. of Washington*,
    289 S.W.3d 362 (Tex. App.—Texarkana 2009, pet. denied)...........................5, 8

*In re Jordan Foster Constr., LLC*,
    2023 WL 2366610 (Tex. App.—El Paso, 2023, orig. proceeding)......................8

*In re KFC USA, Inc.*,
    1998 WL 427284 (Tex. App.—Dallas, 1998, orig. proceeding) (ndp) ................8

*In re Reiss*,
    2022 WL 500023 (Tex. App.—Dallas, 2022, orig. proceeding)..........................8

*Jetall Companies, Inc. v. JPG Waco Heritage, LLC*,
    2020 WL 5036091 (Tex. App.—Amarillo 2020, pet. denied) ............................6

*Lefebure v. D'Aquilla*,
    15 F.4th 670 (5th Cir. 2021) ............................................................................6, 8

*Marshall v. MarOpCo, Inc.*,
    714 S.W.3d 724 (Tex. App.—Houston [1st Dist.] 2025, pet. filed).................5, 8

*Penson v. Ohio*,
    488 U.S. 75 (1988) ..............................................................................................6

*Pepper Lawson Horizon Int'l Grp., LLC v. Tex. S. Univ.*,
    669 S.W.3d 205 (Tex. 2023) ...............................................................................6

**Rules**

*Fifteenth Court Local Rules*, Texas Courts, https://tinyurl.com/4mzyfer6 ...............7

Tex. R. App. P.
    9.6 ........................................................................................................................5
    38.7 ......................................................................................................................7

52. ..........................................................................................................................8

**Other Authorities**

6 McDonald & Carlson Texas Appellate Practice
§ 20:25 (2d ed.) .....................................................................................................5

O'Connor's Texas Civil Appeals App'x III (2025 ed.)
§ CA2 ......................................................................................................................7
§ CA3 ......................................................................................................................7
§ CA4 ......................................................................................................................7
§ CA5 ......................................................................................................................7
§ CA6 ......................................................................................................................7
§ CA10 ....................................................................................................................7
§ CA15 ....................................................................................................................7

**To the Honorable Fifteenth Court of Appeals**:

The Government's motion to strike highlights the fact that the Government needed to grasp for new arguments in its reply brief. However, there is nothing in the motion that supports its sovereign immunity argument.

The Government's motion to strike is a waste of time because 8317 Cross Park did not file a surreply brief. Rather, 8317 Cross Park submitted a letter, addressed to the clerk. See Tex. R. App. P. 9.6 ("Parties and counsel may communicate with the appellate court about a case only through the clerk."); App'x Tab 2 (letter). If the filing was inappropriate, the clerk could have rejected it. *See In re Est. of Washington*, 289 S.W.3d 362, 370–71 (Tex. App.—Texarkana 2009, pet. denied) (cited at Mot. 5). The clerk did not and the Government cannot point to any rule that the letter allegedly violated.

A motion for leave to file a surreply was unnecessary and would have been inappropriate to address the Government's new arguments because "[i]ssues raised by reply brief without permission of the court are not before the court of appeals." 6 McDonald & Carlson Texas Appellate Practice § 20:25 (2d ed.); *accord* Mot. 6; *Marshall v. MarOpCo, Inc.*, 714 S.W.3d 724, 775 n.35 (Tex. App.— Houston [1st Dist.] 2025, pet. filed) ("To the extent that appellants raise arguments in their reply brief, not previously contained in their opening brief, it is improper to do so."); *Cinco W. Dev., LLC v. Highland Homes-Dall., Inc.*, 2024 WL 5001840, at *2 (Tex. App.— Dallas 2024, pet. denied) ("[W]e do not consider arguments raised for the first time

in a reply brief."); *In re Commitment of Gipson*, 580 S.W.3d 476, 488 n.6 (Tex. App.—Austin 2019, no pet.) ("To the extent this constitutes a new argument, the State cannot raise it for the first time in the reply brief.").* So there is nothing relevant to surreply to.

Even so, 8317 Cross Park recognizes that the Court may wish to consider those new arguments anyway because they relate to sovereign immunity and thus jurisdiction. *But cf. Pepper Lawson Horizon Int'l Grp., LLC v. Tex. S. Univ.*, 669 S.W.3d 205, 213 (Tex. 2023) (declining to address jurisdictional issue raised for the first time on appeal that hadn't been fully developed). Further, "our adversarial system of justice . . . is premised on the well-tested principle that truth—as well as fairness—is best discovered by powerful statements on both sides of the question." *Penson v. Ohio*, 488 U.S. 75, 84 (1988) (quotation marks omitted); *accord, e.g., Lefebure v. D'Aquilla*, 15 F.4th 670, 674 (5th Cir. 2021) ("[O]ur adversarial legal system . . . relies on the robust exchange of competing views to ensure the discovery of truth and avoid error."). 8317 Cross Park needed some way to address the new arguments should the Court decide to consider them; hence, that was the purpose of the letter.

---

* The Government insists that its new arguments were in response to 8317 Cross Park's arguments in its appellee's brief. However, "An appellant may not raise additional or new grounds attacking the order or judgment in question via a reply brief . . . even if they are in response to argument within an appellee's brief." *Jetall Companies, Inc. v. JPG Waco Heritage, LLC*, 2020 WL 5036091, at *2 (Tex. App.—Amarillo 2020, pet. denied) (citing authorities).

Nevertheless, even if 8317 Cross Park's letter were treated as a "brief," it would still be permissible. Supplemental briefs are allowed "on whatever reasonable terms the court may prescribe." Tex. R. App. P. 38.7; contra Mot. 5. Some courts require "a motion for leave to file" such a brief, "unless the brief is requested by the court." O'Connor's Texas Civil Appeals App'x III, § CA2 at 1154 (2025 ed.) (providing local rules); see also, e.g., id. § CA4 at 1167–68; id. § CA6 at 1172. Some require leave only for post-submission briefs. See, e.g., id. § CA3 at 1163. Some do not require leave at all. See, e.g., id. § CA5 at 1169–70; id. § CA10 at 1179–80. This Court does not require leave. See id. § CA15 at 1188; Fifteenth Court Local Rules, Texas Courts, https://tinyurl.com/4mzyfer6 (last visited August 18, 2025). Therefore, leave was not necessary for 8317 Cross Park's letter.

The Government relies upon decisions that it claims show 8317 Cross Park's letter—if treated as a brief—would be improper. The Government is wrong. The Government's reliance on federal district court decisions is improper because the applicable rules are different and trial courts naturally have different concerns than appellate courts. Even so, when (like here), "a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (emphasis added).

The Government's reliance on a few Texas courts of appeals' decisions is misplaced. The Texarkana Court's decision actually supports 8317 Cross Park

because it shows that 8317 Cross Park's letter—even if treated as a brief—does not violate any rule, and that the Court's acceptance of 8317 Cross Park's letter confirms it was not improper. *See In re Est. of Washington*, 289 S.W.3d at 370–71 ("[S]uch filings are permitted at this Court's discretion. In this case, we did not accept Goolsby's surreply brief for filing." (citation omitted)). The other decisions cited by the state are inapposite. Each case involves a petition for mandamus, so Rule 38.7 (permitting supplemental briefs) does not apply. *See* Mot. 5–6 (citing *In re Jordan Foster Constr., LLC*, 2023 WL 2366610 (Tex. App.— El Paso, 2023, orig. proceeding); *In re Reiss*, 2022 WL 500023 (Tex. App.—Dallas, 2022, orig. proceeding); *In re KFC USA, Inc.*, 1998 WL 427284 (Tex. App.—Dallas, 1998, orig. proceeding) (ndp)); *cf.* Tex. R. App. P. 52 (original proceedings).

The Government's motion should be denied.

## Alternative Motion for Leave to File Brief

In an abundance of caution, 8317 Cross Park hereby respectfully requests that the Court grant it leave to file the brief attached hereto as Appendix Tab 1. The brief addresses the new arguments raised in the Government's reply brief. The Government's arguments were improper. *See, e.g., Marshall*, 714 S.W.3d at 775 n.35. However, because the new arguments go to the trial court's jurisdiction, the Court may nonetheless wish to consider them. In that case, the Court should consider the points in the attached brief, as "our adversarial legal system . . . relies on the robust exchange of competing views to ensure the discovery of truth and avoid error." *Lefebure*, 15 F.4th at 674.

8

## Conclusion and Prayer

The Court should deny the Government's motion to strike. In the alternative, the Court should grant 8317 Cross Park leave to file the brief attached as appendix Tab 1.

Respectfully submitted,

R. Kemp Kasling
State Bar No. 11104800
Law Offices of R. Kemp Kasling
5806 Mesa Drive, Suite 300
Austin, Texas 78731
Telephone: (512) 472-6800
Facsimile: (512) 472-6823
Email: kkasling@kasling.com

CARDWELL, HART & BENNETT, LLP
J. Bruce Bennett
State Bar No. 02145500
807 Brazos, Suite 1001
Austin, Texas 78701
Telephone: 512-322-0011
Facsimile: 512-322-0808
jbb.chblaw@me.com

By: */s/ R. Kemp Kasling*
  R. Kemp Kasling

ATTORNEYS FOR APPELLEE 8317 CROSS PARK, LLC

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

Pursuant to Tex. R. App. P. 9.4(i)(3), the undersigned certifies this brief complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2)(B). The brief was prepared using Microsoft Word 2019 (Version 16.46), and according to the program's word count, the brief contains 1928 words, exclusive of the exempted portions in Tex. R. App. P. 9.4(i)(1).

By: */s/ R. Kemp Kasling*
R. Kemp Kasling

## CERTIFICATE OF CONFERENCE

On Thursday, August 14, 2025, appellants' counsel informed me that appellants oppose 8317 Cross Park, LLC's alternative motion for leave to file.

By: */s/ R. Kemp Kasling*
R. Kemp Kasling

## CERTIFICATE OF SERVICE

I hereby certify that a correct copy of the foregoing document was served by electronic means on this 26 day of August 2025 to the following counsel of record:

JENNIFER COOK
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548/Mail Stop 019-1
Austin, Texas 78711-2548
Tel: (512) 475-4098
Fax: (512) 302-0667
jennifer.cook@oag.texas.gov

Attorney for Appellants State of Texas, acting by and through the Texas Facilities Commission, for and on behalf of the Texas Health and Human Services Commission; The Texas Facilities Commission; Mike Novak, in his Official Capacity as Executive Director of the Texas Facilities Commission; The Texas Health and Human Services Commission; and Rolland Niles in his Official Capacity as Deputy Executive Commissioner for the System Support Services Division of the Texas Health and Human Services Commission.

By: */s/ R. Kemp Kasling*
R. Kemp Kasling

# NO. 15-25-00012-CV

_____

IN THE COURT OF APPEALS
FOR THE FIFTHTEENTH DISTRICT OF TEXAS
_____

**State of Texas, acting by and through the Texas Facilities Commission, for and on behalf of the Texas Health and Human Services Commission; The Texas Facilities Commission; Mike Novak, in his Official Capacity as Executive Director of the Texas Facilities Commission; The Texas Health and Human Services Commission; and Rolland Niles in his Official Capacity as Deputy Executive Commissioner for the System Support Services Division of the Texas Health and Human Services Commission ,**

*Appellants,*

*v.*

***8317 Cross Park, LLC,***
***Appellee.***

_____

On Interlocutory Appeal from the 98 District Court
of Travis County, Texas

_____

# Response Appendix
_____

**Tab**

**1**      Appellee's Proposed Supplemental Brief

**2**      8317 Cross Park Letter to Christopher A. Prine, Clerk

# Tab 1

# NO. 15-25-00012-CV

_____

IN THE COURT OF APPEALS
FOR THE FIFHTEENTH DISTRICT OF TEXAS

_____

**State of Texas, acting by and through the Texas Facilities Commission, for and on behalf of the Texas Health and Human Services Commission; The Texas Facilities Commission; Mike Novak, in his Official Capacity as Executive Director of the Texas Facilities Commission; The Texas Health and Human Services Commission; and Rolland Niles in his Official Capacity as Deputy Executive Commissioner for the System Support Services Division of the Texas Health and Human Services Commission ,**

*Appellants,*

*v.*

*8317 Cross Park, LLC,*

*Appellee.*

_____

On Interlocutory Appeal from the 98 District Court
of Travis County, Texas

_____

## [Proposed] Supplemental Brief of Appellee

_____

R. Kemp Kasling
State Bar No. 11104800
Law Offices of R. Kemp Kasling
5806 Mesa Drive, Suite 300
Austin, Texas 78731
Telephone: (512) 472-6800
Facsimile: (512) 472-6823
Email: kkasling@kaslinglaw.com

CARDWELL, HART & BENNETT, LLP
J. Bruce Bennett
State Bar No. 02145500
807 Brazos, Suite 1001
Austin, Texas 78701
Telephone: 512-322-0011
Facsimile: 512-322-0808
jbb.chblaw@me.com

ATTORNEYS FOR APPELLEE 8317 CROSS PARK, LLC

# Table of Contents

**Page**

Table of Contents ...........................................................................................2

Table of Authorities........................................................................................3

Argument.......................................................................................................4

I.   HHSC's request for exceptional items does not support the Government..........4

II.  Chapter 114 is not limited to contracts with one state agency ...........................5

III. The Texas Facilities Commission regulations applied to Novak's purported termination. ...................................................................................................7

Conclusion and Prayer....................................................................................8

Certificate of Compliance................................................................................9

Certificate of Service .....................................................................................9

# Table of Authorities

**Cases**

*Progressive Cnty. Mut. Ins. Co. v. Caltzonsing*,
  658 S.W.3d 384 (Tex. App.—Corpus Christi-Edinburg 2022, no pet.) ............................7

**Statutes**

Tex. Civ. Prac. & Rem. Code
  §§ 114.001(2), 114.003 ...................................................................................................6
  §§ 114.002–.003 ............................................................................................................. 6
  § 114.003 ........................................................................................................................ 6

Tex. Gov't Code § 311.012(b) ...............................................................................................6

**Other Authorities**

41 Tex. Reg. 7709 ......................................................................................................... …7

Antonin Scalia & Bryan A. Garner, Reading Law (2012) ..................................................... 6

**Regulations**

1 Tex. Admin. Code §§ 115.20–22 ....................................................................................... 8

**To the Honorable Fifteenth Court of Appeals:**

Appellee 8317 Cross Park Austin Associates respectfully submits this supplemental brief addressing an inaccuracy in the Government's reply and addressing two arguments from the Government's reply that did not appear in its opening brief. None of the Government's new arguments undermines the district court's order denying the Government's plea to the jurisdiction.

## Argument

### I. HHSC's request for exceptional items does not support the Government.

As 8317 Cross Park recounted in the background section of its brief, HHSC's judicially noticeable FY2024–25 biennial baseline appropriations request sought for less money under "Rent – Building" than HHSC projected it needed for the biennium. Appellee Br. 11. HHSC included the remainder in an exceptional item request. *Id.* 11–12.

It's the significance of that exceptional item request that the Government's reply inaccurately describes. In the district court, the Government presented no evidence showing that anyone at HHSC (or anywhere else) considered whether HHSC lacked funds to pay rent, let alone evidence that HHSC *actually* lacked funds or believed it lacked funds. *See* Appellee Br. 53–55. In its reply, the Government relies upon HHSC's early estimates in its exceptional item request as some evidence that "there are multiple variables that impact the certification for funding and the analysis can be complex." Reply Br. 7–8. The Government, however, cannot point to any evidence that HHSC lacked sufficient funds or ever considered whether it had sufficient funds—regardless of the variables.

The Government relies on the exceptional item request to suggest that HHSC received less funding than it needed for rent. *See* Reply Br. 6–14, 24. However, HHSC made that request in early September 2022, nearly a year before Novak's purported termination of the

4

8317 Cross Park Lease and Niles' incomplete certification. *See* Appellee Br. App'x Tab 6. Thus, HHSC advised in the request that, "[a]s additional information becomes available, the agency will be able to more accurately assess its needs." *Id.*

By mid-2023, it was clear that HHSC had enough money. For example, HHSC's exceptional item request "assumed [a] 9.9% year-over-year increase in the Consumer Price Index for the 2024- 25 biennium." Reply Br. 10. But by the time the Legislature enacted the GAA, the CPI had fallen precipitously. *See id.* 11. Leaving no doubt HHSC knew it had enough funds, Niles certified $93.7 million in annual lease expenses for the upcoming biennium, tens of millions less than appropriated. *See* Re- ply Br. 30; Appellee Br. 55. There is no evidence that Niles' certified amount did not include inflation. *Contra* Reply Br. 30–31. But, even if it did not, he surely knew there was sufficient rent money. Even at a grossly exaggerated annual inflation rate of 10%, $93.7 million would be $103 million in year one and $113 million in year two—totaling more than $20 million *less* than was appropriated for rent across the biennium.

The most significant fact is that no one has ever certified that funds were unavailable to pay rent due under the 8317 Cross Park Lease, there's no evidence anyone thought funds were unavailable to pay rent due under the 8317 Cross Park Lease, and all evidence in the record suggests those funds were available and that Niles and Novak knew the funds were available.

## II. Chapter 114 is not limited to contracts with one state agency.

As 8317 Cross Park pointed out, the 8317 Cross Park Lease easily fits within the plain text and fair meaning of Texas Civil Practice & Remedies Code Chapter 114's waiver of sovereign immunity. Appellee Br. 19–46. The Government's reply simply restates its arguments from its opening brief. But the reply also makes a new argument that Chapter 114 turns on the number of state entities that are contractual counterparties. The Government

argues that Chapter 114 does not apply because "[t]he contract at issue falls within Chapter 2167 of the Government Code, which expressly ***involves two state agencies*** and the State of Texas as lessee; in contrast, Chapter 114 requires a contract for ***a single state agency***." Reply Br. 16–18 (emphases added).

The Government's new argument is without merit. Chapter 114 speaks of "a state agency" and "the state agency." *E.g.*, Tex. Civ. Prac. & Rem. Code §§ 114.001(2), 114.003. In Texas statutes, "[t]he singular includes the plural." Tex. Gov't Code § 311.012(b). Indeed, that rule is a fundamental canon of interpretation because it "is simply a matter of common sense and everyday linguistic experience." Antonin Scalia & Bryan A. Garner, Reading Law 130 (2012). So "state agency" includes "state agencies." Chapter 114's fair meaning thus does not limit its waiver to single-agency contracts.

The Government's new argument also fails because Chapter 114's plain text shows that the act of a single state agency triggers Chapter 114's waiver no matter how many other agencies also trigger the waiver. *See* Appellee Br. 24–25. "A state agency . . . *that enters* a contract subject to this chapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of an express provision of the contract." Tex. Civ. Prac. & Rem. Code § 114.003 (emphasis added). Chapter 114's trigger is the *act* of a state agency entering a specified contract, not the contract itself. Thus, so long as at least one state agency performs that act, sovereign immunity is waived to adjudicate "a claim for breach of a written contract for engineering, architectural, or construction services . . . brought by a party to the written contract." *Id.* §§ 114.002–.003. This is exactly what happened here. *See* Appellee Br. 25–35.

Nothing in Chapter 114 supports the Government's proposed limit on the waiver's scope.

## III. The Texas Facilities Commission regulations applied to Novak's purported termination.

8317 Cross Park demonstrated that Novak's purported termination of the 8317 Cross Park Lease was outside his authority because, among other things, Novak's actions violated the Texas Facilities Commission's regulations that bind him. *See* Appellee Br. 56–58.

The Government does not dispute that Novak's purported termination conflicted with those regulations. They argue only that those regulations "are irrelevant because [they] were not in existence at the time the 2014 Lease was entered into so these regulations do not apply to this Lease." Reply Br. 31. The Government is wrong.

The Government's new argument is misguided because it applies a rule of *contract interpretation* to an issue that does not turn on interpreting a contract. The government relies on a decision that recites "[t]he general rule . . . that the laws which are in existence at the time of the making of the **contract** are impliedly incorporated **into the contract**." *Progressive Cnty. Mut. Ins. Co. v. Caltzonsing*, 658 S.W.3d 384, 393 (Tex. App.—Corpus Christi-Edinburg 2022, no pet.) (citation omitted; emphases added) (cited at Reply Br. 31).  8317 Cross Park does not rely on the regulations to support its breach of contract claim or for any other contract issue. It relies on them to support its *ultra vires* claim, which does not depend on the lease's terms and does not arise from any nonperformance under the lease. *See* Appellee Br. 56–58; *contra* Government's Mot. Strike 10 (suggesting 8317 Cross Park "argues that Appellants acted *ultra vires* in relation to their performance under the Lease.").

The regulations matter because they plainly govern Novak's authority to terminate the 8317 Cross Park Lease: They "set out the procedure for the cancellation of a lease due to a lack of funding"—an administrative function, not a contractual one. 41 Tex. Reg. 7709, 7709 (Sept. 16, 2016) (adopting regulations). Novak engaged in actions that those regulations govern—"process[ing] . . . *any request* to cancel a lease due to a lack of funding." *See id.*

7

(emphasis added). And the date that controls is the date of the request to cancel a lease based on lack of funding, *see id.* at 7710 ("Effective date: October 3, 2016"), not the date of the lease whose cancellation is requested, *see* 1 Tex. Admin. Code §§ 115.20–22 (no mention of lease execution date). Novak had no authority to ignore the regulations. By ignoring them anyway, his actions were *ultra vires*.

## Conclusion and Prayer

The Court should affirm the district court's order denying the Government's plea to the jurisdiction. Alternatively, if the Court finds that 8317 Cross Park's allegations are insufficient, it should remand for repleading.

Respectfully submitted,

R. Kemp Kasling
State Bar No. 11104800
Law Offices of R. Kemp Kasling
5806 Mesa Drive, Suite 300
Austin, Texas 78731
Telephone: (512) 472-6800
Facsimile: (512) 472-6823
Email: kkasling@kasling.com

CARDWELL, HART & BENNETT, LLP
J. Bruce Bennett
State Bar No. 02145500
807 Brazos, Suite 1001
Austin, Texas 78701
Telephone: 512-322-0011
Facsimile: 512-322-0808
jbb.chblaw@me.com

By: */s/ R. Kemp Kasling*
R. Kemp Kasling

ATTORNEYS FOR APPELLEE 8317 CROSS PARK, LLC

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

Pursuant to Tex. R. App. P. 9.4(i)(3), the undersigned certifies this brief complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2)(B). The brief was prepared using Microsoft Word 2019 (Version 16.46), and according to the program's word count, the brief contains 2112 words, exclusive of the exempted portions in Tex. R. App. P. 9.4(i)(1).

By: */s/ R. Kemp Kasling*
R. Kemp Kasling

## CERTIFICATE OF SERVICE

I hereby certify that a correct copy of the foregoing document was served by electronic means on this 26 day of August 2025 to the following counsel of record:

JENNIFER COOK
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548/Mail Stop 019-1
Austin, Texas 78711-2548
Tel: (512) 475-4098
Fax: (512) 302-0667
jennifer.cook@oag.texas.gov

Attorney for Appellants State of Texas, acting by and through the Texas Facilities Commission, for and on behalf of the Texas Health and Human Services Commission; The Texas Facilities Commission; Mike Novak, in his Official Capacity as Executive Director of the Texas Facilities Commission; The Texas Health and Human Services Commission; and Rolland Niles in his Official Capacity as Deputy Executive Commissioner for the System Support Services Division of the Texas Health and Human Services Commission.

By: */s/ R. Kemp Kasling*
R. Kemp Kasling

# Tab 2

ACCEPTED
15-25-00012-cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/31/2025 4:21 PM
CHRISTOPHER A. PRINE
CLERK

THE LAW OFFICE OF R. KEMP KASLING, P.C.
5806 Mesa Drive Suite 300
Austin, Texas 78731
PH: 512-472-6800
FAX: 512-472-6823
kkasling@kaslinglaw.com

July 31, 2025

Mr. Christopher A. Prine                                    **Via E-Filing**
Clerk, Fifteenth Court of Appeals
P. O. Box 12852
Austin, Texas 78711

> Re: No. 15-25-00012-CV, *State of Texas et al. v. 8317 Cross Park, LLC.,* in the Fifteenth Court of Appeals (the "Cross Park Litigation")

Dear Mr. Prine:

On July 28, 2025, Broadmoor Austin Associates ("Broadmoor"), the Appellee in No. 15-25-00013-CV, *State of Texas et al. v. Broadmoor Austin Associates,* (the "Broadmoor Litigation") submitted a letter to this Court addressing factual inaccuracies and responding to new arguments raised by Appellants in their reply brief filed in No. 15-25-00013-CV. A true copy of Broadmoor's letter is attached hereto.

The Broadmoor Litigation and the Cross Park Litigation involve substantially similar facts and circumstances and the Appellants claimed sovereign immunity in both cases (and the two matters were consolidated in the Travis County District Court). Appellants have made the same mistakes and also make the same new arguments in their reply brief filed in this appeal (No. 15-25-00012). Therefore, Appellee 8317 Cross Park, LLC hereby adopts and incorporates by reference the arguments and authorities set forth in Broadmoor's letter.

Thank you for bringing this letter to the Court's attention.

Sincerely,


*/s/ R. Kemp Kasling*
R. Kemp Kasling

***Attorney for Appellee***
***8317 Cross Park, LLC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via e-service on this 31st day of July 2025, to the following counsel of record:

Jennifer Cook
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Jennifer.cook@oag.texas.gov

*/s/ R. Kemp Kasling*
R. Kemp Kasling



Jason LaFond
Direct Dial: 512.495.6338
jlafond@scottdoug.com

July 28, 2025

**VIA E-FILING**

Mr. Christopher A. Prine, Clerk
Fifteenth Court of Appeals
William P. Clements Building
300 W. 15th Street, Suite 607
Austin, Texas 78701

Re:     *State v. Broadmoor Austin Associates*, No. 15-25-00013-CV

Dear Mr. Prine:

Appellee Broadmoor Austin Associates respectfully submits this letter to correct an inaccuracy in Appellants' reply brief and to address two arguments from Appellants' reply brief that didn't appear in Appellants' opening brief. Please forward this letter to the panel's attention at your convenience.

### *HHSC's exceptional item request doesn't support Appellants' arguments.*

As Broadmoor recounted in the background section of its brief, HHSC's judicially noticeable FY2024–25 biennial baseline appropriations request asked for less money under "Rent – Building" than HHSC projected it needed for the biennium. Broadmoor Br. 11. HHSC included the remainder in an exceptional item request. *Id.* 11–12.

It's the significance of that exceptional item request that the Appellants' reply inaccurately describes. In the district court, Appellants presented no evidence showing that anyone at HHSC (or anywhere else) ever even considered whether HHSC lacked funds to pay rent, let alone evidence that HHSC actually lacked funds or believed it lacked funds. *See* Broadmoor Br. 53–55. In their reply, Appellants grasp at HHSC's early estimates in its exceptional item request as some evidence that "there are multiple variables that impact the certification for funding and the analysis can be complex." Reply Br. 7–8. Appellants, however, still can't point to any evidence that HHSC lacked sufficient funds or ever considered whether it had sufficient funds—multiple variables or not.

Appellants rely on the exceptional item request to suggest HHSC received less funding than it needed for rent. *See* Reply Br. 6–14, 24. But HHSC made that request in early September 2022, nearly a year before Novak's purported termination of the Broadmoor Lease and Niles' incomplete certification. *See* Broadmoor Br. App'x Tab 6. Thus, HHSC advised in the request that, "[a]s additional information becomes available, the agency will be able to more accurately assess its needs." *Id.*

By mid-2023, it was clear that HHSC had enough money. For example, HHSC's exceptional item request "assumed [a] 9.9% year-over-year increase in the Consumer Price Index for the 2024-25 biennium," Reply Br. 10, but by the time the Legislature enacted the GAA, the CPI had fallen precipitously. *See id.* 11. Leaving no doubt HHSC knew it had enough funds, Niles certified $93.7 million in annual lease expenses for the upcoming biennium, tens of millions less than appropriated. *See* Reply Br. 30; Broadmoor Br. 55. There's no evidence that Niles' certified amount didn't include inflation. *Contra* Reply Br. 30-31. But even if it didn't, he'd still know there was plenty of rent money. Even at a grossly exaggerated annual inflation rate of 10%, $93.7 million would be $103 million in year one and $113 million in year two—totaling more than $20 million *less* than was appropriated for rent across the biennium.

In the end, what matters most is this: Arguments in briefs aren't evidence. No one has ever certified that funds were unavailable to pay rent due under the Broadmoor Lease, there's no evidence anyone thought funds were unavailable to pay rent due under the Broadmoor Lease, and all evidence in the record suggests both that those funds were available and that Niles and Novak knew they were available.

### *Chapter 114 is not limited to contracts with one state agency.*

As Broadmoor showed, the Broadmoor Lease easily fits within the plain text and fair meaning of Texas Civil Practice & Remedies Code Chapter 114's waiver of sovereign immunity. Broadmoor Br. 19-46. Appellants' reply mostly rehashes their own unpersuasive arguments from their opening brief without addressing Broadmoor's. But their reply also makes a new argument, that Chapter 114 turns on the number of state entities that are contractual counterparties. Appellants argue that Chapter 114 doesn't apply because "[t]he contract at issue falls within Chapter 2167 of the Government Code, which expressly *involves two state agencies* and the State of Texas as lessee; in contrast, Chapter 114 requires a contract for *a single state agency*." Reply Br. 16-18 (emphases added).

The Appellants' new argument is easily disposed of. To be sure, Chapter 114 speaks of "a state agency" and "the state agency." *E.g.*, Tex. Civ. Prac. & Rem. Code §§ 114.001(2), 114.003. But in Texas statutes, "[t]he singular includes the plural." Tex. Gov't Code § 311.012(b). Indeed, that rule is a fundamental canon of interpretation because it "is simply a matter of common sense and everyday linguistic experience." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW 130 (2012). So "state agency" includes "state agencies." Chapter 114's fair meaning thus doesn't limit its waiver to single-agency contracts.

Even putting common sense aside, Appellants' argument falters because Chapter 114's plain text shows that the act of a single state agency triggers Chapter 114's waiver no matter how many other agencies also trigger the waiver. *See* Broadmoor Br. 24-25. "A state agency ... *that enters* a contract subject to this chapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of an express provision of the contract." Tex. Civ. Prac. & Rem. Code § 114.003 (emphasis added). Chapter 114's trigger is *an act*—a state agency entering a specified contract, not the contract itself. And that trigger is a floor, not a ceiling: So long as at least one state agency performs that act, sovereign immunity is waived to adjudicate "a claim for breach of a written contract for engineering, architectural, or construction services ... brought by a party to the written contract." *Id.* §§ 114.002-.003. That happened here. *See* Broadmoor Br. 25-35.

2

Nothing in Chapter 114 supports Appellants' proposed limit on the waiver's scope.

***The Texas Facilities Commission regulations applied to Novak's purported termination.***

Broadmoor demonstrated that Novak's purported termination of the Broadmoor Lease was outside his authority because, among other things, Novak's actions violated the Texas Facilities Commission's regulations that bind him. *See* Broadmoor Br. 56-58.

The Appellants don't dispute that Novak's purported termination conflicted with those regulations. They argue only that those regulations "are irrelevant because [they] were not in existence at the time the 2014 Lease was entered into so these regulations do not apply to this Lease." Appellants Br. 31. Appellants are mistaken.

The Appellants' new argument is misguided because it applies a rule of *contract interpretation* to an issue that doesn't turn on interpreting a contract. Appellants rely on a decision that recites "[t]he general rule . . . that the laws which are in existence at the time of the making of the ***contract*** are impliedly incorporated ***into the contract***." *Progressive Cnty. Mut. Ins. Co. v. Caltzonsing*, 658 S.W.3d 384, 393 (Tex. App.—Corpus Christi-Edinburg 2022, no pet.) (citation omitted; emphases added) (cited at Appellants Br. 31). But Broadmoor doesn't rely on the regulations to support its breach of contract claim or for any other contract issue. It relies on them to support its *ultra vires* claim, which doesn't depend on the lease's terms. *See* Broadmoor Br. 56-58.

The regulations matter because they plainly govern Novak's authority to terminate the Broadmoor Lease: They "set[] out the procedure for the cancellation of a lease due to a lack of funding"—an administrative function, not a contractual one. 41 Tex. Reg. 7709, 7709 (Sept. 16, 2016) (adopting regulations). Novak engaged in acts those regulations govern—"process[ing] . . . *any request* to cancel a lease due to a lack of funding." *See id.* (emphasis added). And the date that controls is the date of the request to cancel a lease based on lack of funding, *see id.* at 7710 ("Effective date: October 3, 2016"), not the date of the lease whose cancellation is requested, *see* 1 Tex. Admin. Code §§ 115.20-22 (no mention of lease execution date). Novak had no authority to ignore the regulations. By ignoring them anyway, he acted *ultra vires*.

* * *

The Court should affirm the district court's order denying the Government's plea to the jurisdiction. Alternatively, if the Court finds that Broadmoor's allegations are insufficient, it should remand for repleading.

Sincerely,

Jason R. LaFond
State Bar No. 24103136
jlafond@scottdoug.com
*Counsel for Appellee Broadmoor Austin*
*Associates, a Texas Joint Venture*

cc: Counsel of Record via efile

3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Cook on behalf of Roy Kasling
Bar No. 11104800
macook@khdalaw.com
Envelope ID: 103838529
Filing Code Description: Letter
Filing Description: Correspondence to Mr. Price, 15th COA 07/31/2025
Status as of 7/31/2025 4:35 PM CST

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 7/31/2025 4:21:53 PM | SENT |
| Jennifer Cook | | jennifer.cook@oag.texas.gov | 7/31/2025 4:21:53 PM | SENT |

Associated Case Party: 8317 Cross Park, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kemp Kasling | | kkasling@kaslinglaw.com | 7/31/2025 4:21:53 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mary Cook on behalf of Roy Kasling
Bar No. 11104800
macook@khdalaw.com
Envelope ID: 104933222
Filing Code Description: Response
Filing Description: Appellee's Response to Appellants' Motion to Strike, and Alternative Motion for Leave to File Supplemental Brief
Status as of 8/27/2025 4:20 PM CST

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 8/27/2025 4:06:23 PM | SENT |
| Jennifer Cook | | jennifer.cook@oag.texas.gov | 8/27/2025 4:06:23 PM | SENT |

Associated Case Party: 8317 Cross Park, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kemp Kasling | | kkasling@kaslinglaw.com | 8/27/2025 4:06:23 PM | SENT |